Filed 12/26/24  Cruz v. Calop Business Systems CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| IRMA CRUZ,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CALOP BUSINESS SYSTEMS, INC.,<br><br>    Defendant and Appellant. | B337749<br><br>(Los Angeles County Super. Ct. No. 19STCV41242) |

————————————————

APPEAL from an order of the Superior Court of Los Angeles County, Lawrence P. Riff, Judge.  Affirmed.

Law Office of Juan Hong and Juan Hong for Defendant and Appellant.

KJT Law Group, Vache A. Thomassian, Caspar Jivalagian; Adams Employment Counsel and Christopher A. Adams for Plaintiff and Respondent.

————————————————

Defendant and appellant Calop Business Systems, Inc. (Calop), appeals from a postjudgment order denying its motion for attorney fees. It argues that it is entitled to attorney fees pursuant to either Labor Code section 218.5 or Code of Civil Procedure section 2033.420.

Because there was no finding that plaintiff and respondent Irma Cruz (Cruz) brought the instant lawsuit in bad faith, and no evidence that compels such a finding, Calop is not entitled to attorney fees pursuant to Labor Code section 218.5. And, because Cruz's wage claims subject to Labor Code section 218.5 are inextricably intertwined with her nonwage claims, Calop cannot circumvent Labor Code section 218.5 and recoup its fees pursuant to Code of Civil Procedure section 2033.420. Accordingly, we affirm the trial court's order.

## BACKGROUND[1]

I. *The Complaint*

In November 2019, Cruz filed a complaint in the Los Angeles County Superior Court, on behalf of herself and a putative class consisting of "[a]ll current and former persons employed by Calop . . . in California as non-exempt employees . . . ." The complaint asserted eight causes of action arising out of Cruz's former employment with Calop: (1) failure to pay minimum wage; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to provide rest

---

[1] The Appellant's Appendix is bare bones at best and does not include a host of key documents, including but not limited to, a copy of Calop's motion for summary judgment, a copy of the trial court's order granting Calop's motion for summary judgment, and a copy of the judgment itself. Our summary is limited by what Calop provided to us on appeal.

2

periods; (5) failure to furnish accurate wage statements; (6) waiting time penalties; (7) unlawful deductions from wages; and (8) unfair business practices. The complaint also alleged a representative action for civil penalties under the Private Attorneys General Act (PAGA) (Lab. Code § 2698 et seq.).

## II. *Motion to Compel Arbitration*

Arguing that Cruz had signed a valid arbitration agreement, Calop moved to compel arbitration of Cruz's eight causes of action and to stay the PAGA claim. (*Cruz v. Calop Business Systems, Inc.* (Mar. 30, 2021, B306688) [nonpub. opn.].) The trial court denied Calop's motion, and Calop appealed. (*Ibid.*) We affirmed the court's order, concluding that the arbitration agreement was both procedurally and substantively unconscionable. (*Ibid.*)

## III. *Calop's Requests for Admission (RFAs)*

Following issuance of the remittitur, the parties participated in discovery. As is relevant to the issues on appeal, on February 7, 2022, Calop served a set of RFAs on Cruz. In response, Cruz denied all of the RFAs without objection.

## IV. *Summary Judgment*

Thereafter, Calop moved for summary judgment. On October 24, 2023, the trial court granted Calop's motion on the grounds[2] that: "There being no opposition, Defendant's Undisputed Material Facts and Supporting Evidence is adopted

---

[2] Because the appellate record does not include a copy of the trial court's order or judgment, we do not know what other grounds, if any, upon which the trial court based its decision. But the propriety of the judgment is not before us, and we express no opinion on whether the trial court properly granted Calop's motion for summary judgment.

by the Court without Plaintiff's Response and Supporting Evidence."  Judgment was entered in Calop's favor.

V.  *Calop's Motion for Attorney Fees; Cruz's Opposition*

Calop filed a postjudgment motion seeking $348,830 in attorney fees.  Calop argued that it was entitled to attorney fees under Labor Code section 218.5 because Cruz filed the complaint in bad faith, as she "lack[ed] evidence" to support her allegations.  Calop also contended that it was entitled, under Code of Civil Procedure section 2033.420, to attorney fees incurred proving the truth of matters denied by Cruz in her responses to requests for admissions.

Cruz opposed Calop's motion.  Cruz asserted that, because she had brought the action "in good faith with a reasonable belief that [Calop] violated . . . wage-and-hour laws based on the evidence available at that time[,]" Calop was not entitled to fees under Labor Code section 218.5.  Cruz also argued that Calop was not entitled to fees under Code of Civil Procedure section 2033.420 because Cruz "had reasonable grounds to believe she would prevail on the merits, and a good reason to deny when the requests for admission went to the ultimate issues in the case."  Finally, Cruz contended that Calop's requested fees and costs were unsupported by billing records, duplicative, unnecessary, and unrelated to the case.

VI.  *Trial Court's Ruling*

The trial court held a hearing on Calop's motion on February 7, 2024.  The minute order from the hearing provides, in relevant part:  "The Court hears argument of counsel and rules as follows:  [¶] . . . [¶]  The Defendant's Motion for Attorney's Fees filed by Calop . . . is Denied.  [¶]  Parties may prepare

4

proposed orders of the Court's rulings for submission to the court."

Although a court reporter was appointed to report the proceedings, Calop did not provide us with a reporter's transcript of the hearing.

VII. *Appeal*

Calop filed a timely notice of appeal from the trial court's order denying its motion for attorney fees.

## DISCUSSION

I. *Standards of Review*

"A request for an award of attorney fees is entrusted to the trial court's discretion and will not be overturned in the absence of a manifest abuse of discretion, a prejudicial error of law, or necessary findings not supported by substantial evidence. [Citations.]" (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 577.) A party appealing from an order denying attorney fees "has an 'uphill battle' and must overcome both the 'sufficiency of evidence' rule and the 'abuse of discretion' rule." (*FLIR Systems, Inc. v. Parrish* (2009) 174 Cal.App.4th 1270, 1275.) The appellate court "do[es] not retry cases on appeal and . . . do[es] not substitute [its] discretion for that of the trial court." (*Id.* at p. 1276.)

To the extent that we must interpret relevant statutes, we do so de novo. (*Serrano v. Stefan Merli Plastering Co., Inc.* (2011) 52 Cal.4th 1018, 1025–1026.)

II. *Relevant Law*

Under the American rule, which California follows, each party to civil litigation must ordinarily pay its own attorney fees absent a statutory exception or contractual agreement. (*Trope v.*

5

*Katz* (1995) 11 Cal.4th 274, 278–279; see also Code Civ. Proc., § 1021.)

Two statutory exceptions to the American rule are relevant here:  Labor Code section 218.5 and Code of Civil Procedure section 2033.420.

A.  <u>Labor Code section 218.5</u>

Labor Code section 218.5 provides, in relevant part:  "In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action.  However, if the prevailing party in the court action is not an employee, attorney's fees and costs shall be awarded pursuant to this section only if the court finds that the employee brought the court action in bad faith."  (Lab. Code, § 218.5, subd. (a).)  Thus, in an action for the nonpayment of wages, a prevailing party employer is prohibited "from recovering attorney fees unless the trial court finds the employee brought the wage claim in bad faith."  (*Dane Elec Corp., USA v. Bodokh* (2019) 35 Cal.App.5th 761, 764 (*Dane Elec*).)

B.  <u>Code of Civil Procedure section 2033.420</u>

A party to a civil action may propound a written request that another party "admit . . . the truth of specified matters of fact, opinion relating to fact, or application of law to fact."  (Code Civ. Proc., § 2033.010.)

"If a party denies a request for admission that is later proved" (*Vargas v. Gallizzi* (2023) 96 Cal.App.5th 362, 370), Code of Civil Procedure section 2033.420, subdivision (a), permits "the party requesting the admission [to] move the court for an order requiring the party to whom the request was directed to pay the

reasonable expenses incurred in making that proof, including reasonable attorney's fees." Pursuant to Code of Civil Procedure section 2033.420, subdivision (b): "The court shall make this order unless it finds any of the following: [¶] (1) An objection to the request was sustained or a response to it was waived under [Code of Civil Procedure s]ection 2033.290. [¶] (2) The admission sought was of no substantial importance. [¶] (3) The party failing to make the admission had reasonable ground to believe that that party would prevail on the matter. [¶] (4) There was other good reason for the failure to admit."

III. *The Trial Court Did Not Err*

    A. <u>Attorney fees under Labor Code section 218.5</u>

    The parties agree that this action includes claims for the nonpayment of wages within the meaning of Labor Code section 218.5. Thus, as a nonemployee prevailing party, Calop was entitled to recover its attorney fees for defending the wage claims "only if" the trial court found that Cruz had "brought the . . . action in bad faith." (Lab. Code, § 218.5, subd. (a).) Here, there is no evidence that the court made this requisite finding. In fact, absent a reporter's transcript or order that sets forth the reasons for the court's decision,[3] we must presume otherwise, namely that the court found that Calop failed to meet its burden of proving that Cruz brought the action in bad faith. (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 609; *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133 [an "order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness"].)

---

[3] We also note that Calop failed to submit a settled statement, setting forth the trial court's reasons for denying its motion. (Cal. Rules of Court, rules 8.130, 8.137.)

7

That said, "where, as here, "'the issue on appeal turns on a failure of proof . . . , the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law. [Citations.] Specifically, the question becomes whether the appellant's evidence was (1) 'uncontradicted and unimpeached' and (2) 'of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding.'"' [Citations.]" (*SwiftAir, LLC v. Southwest Airlines Co.* (2022) 77 Cal.App.5th 46, 59.)

The evidence before the trial court did not compel a finding that Cruz brought her action in bad faith. In opposing Calop's motion for attorney fees, Cruz submitted a declaration in which she averred that, while employed by Calop, she "suffered from various wage-and-hour abuses, including working off-the-clock and not being provided the opportunity to take timely, full" meal and rest breaks, that her supervisor ignored her complaints, and that Calop had unlawfully deducted a uniform deposit from her first paycheck. Cruz expressly denied bringing the action in bad faith. Cruz's counsel also submitted a declaration, in which he testified to his experience litigating labor and employment disputes and asserted that Cruz's "claims were brought in good faith with a reasonable belief that [Calop] violated . . . wage-and-hour laws based on the evidence available at that time . . . ." This evidence supports the court's implied finding that Cruz did not bring the instant action in bad faith.

B. Attorney fees under Code of Civil Procedure section 2033.420

Alternatively, Calop contends that it was entitled to recoup attorney fees incurred in proving the truth of matters denied by Cruz in response to its RFAs, pursuant to Code of Civil Procedure

8

section 2033.420.  But the problem for Calop is that, as the parties expressly agree, Cruz's Labor Code wage claims are inextricably intertwined with her nonwage claims.  And Labor Code section 218.5, subdivision (a), "prohibits, as a matter of law, an award of attorney fees to a nonemployee prevailing party for successfully defending a wage claim that is inextricably intertwined with [nonwage claims]."  (*Dane Elec*, *supra*, 35 Cal.App.5th at p. 764.)  It follows that Cruz cannot be ordered to pay *any* attorney fees under Code of Civil Procedure section 2033.420.[4]

## DISPOSITION

The order denying Calop's motion for attorney fees is affirmed.  Cruz is entitled to her costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST

We concur:


_____, P. J.
LUI


_____, J.
RICHARDSON

---

[4]     Our conclusion renders it unnecessary to address Calop's argument that attorney fees should be "awarded against, jointly and severally" (bolding and underlining omitted), Cruz *and* her counsel.

9